1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8   RICHARD CHUDACOFF, MD,                    )
                                              )
9              Plaintiff,                      )
                                              )
10         v.                                  )          2:09-cv-1679-RCJ-RJJ
                                              )
11                                             )          **ORDER**
    UNIVERSITY MEDICAL CENTER OF               )
12  SOUTHERN NEVADA, et al.,                   )
                                              )
13             Defendants.                     )
    _____

14

15         Currently before the Court is Plaintiff Richard M. Chudacoff, M.D.'s ("Plaintiff") Motion

16  for Reconsideration (#77) of this Court's September 28, 2010, order (#75).  The Court heard

17  oral argument on May 6, 2011.

18                              **BACKGROUND**

19         After Defendants[1] allegedly limited his medical privileges and issued a negative report

20  to a national data bank, Plaintiff sued multiple defendants alleging violations of his due

21  process rights accompanied by several state-law claims.  In September 2010, this Court

22  issued an order granting Dr. J. Dylan Curry's Motion to Dismiss (#29), Curry's Renewed Motion

23  to Dismiss (#55), and Defendants' Motion for Summary Judgment (#53).  (*See* Order (#75)).

24  _____

25         [1] The defendants in this case are the University Medical Center of Southern Nevada
    ("UMC"), Steve Sisolak, Tom Collins, Larry Brown, Lawrence Weekly, Chris Giunchigliani,
26  Susan Brager, Rory Reid (collectively "Board of Trustees"), Kathleen Silver (UMC CEO), John
    Ellerton, M.D., Frederick J. Lippman, M.D., Jim Christensen, M.D., Charles Bloom, M.D.,
27  Marietta Nelson, M.D., J. Dylan Curry, M.D., Kshama Daphtary, M.D., John Onyema, M.D.,
    Beverly Neyland, M.D., Albert Capanna, M.D., Victor Grigoriev, M.D., Laura Bilodeau, M.D.,
28  Michael Casey, M.D., and Steven Becker, M.D (collectively the "Medical Staff").   All
    defendants except Dr. Curry are collectively referred to as "Defendants."
           In this case, Defendants and Dr. Curry have filed separate oppositions (#80, 81).
    However, each have filed joinders to each others' responses (#82, 83).

1    Plaintiff now files a Motion for Reconsideration (#77) of that order.

2         In this Court's September 28, 2010, order, the Court found the following.  The doctrine

3    of claim preclusion barred Plaintiff's due process claims against CEO Silver, UMC, the Board

4    of Trustees, and the Medical Staff.  (*Id.* at 11).   The doctrine of issue preclusion barred

5    Plaintiff's due process claims against the Medical Executive Committee and the Doctor

6    Defendants.  (*Id.*).  This Court dismissed Plaintiff's state-law claims without prejudice.  (*Id.*).

7         This Court found the following with respect to preclusion.   Federal common law

8    governed the preclusive effect of federal-court judgments.  (*Id.*).  For judgment in diversity

9    cases, federal law incorporated the rules of preclusion applied by the State in which the

10   rendering court sat.  (*Id.*).  However, it was not clear whether federal or state preclusion law

11   applied to a federal court's judgment on state-law claims through its exercise of supplemental

12   jurisdiction.   (*Id.* at 11-12).  This Court concluded that "for purposes of this matter, any

13   differences between federal and Nevada preclusion doctrine [was] immaterial."  (*Id.* at 12).

14        With respect to claim preclusion, this Court found that "a claim that arose after the filing

15   of a complaint in a prior proceeding will not be barred by claim preclusion based on the prior

16   proceeding." (*Id.* at 13).  This Court specifically cited to the holdings in *Lawlor v. Nat'l Screen*

17   *Serv. Corp.*, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955) and *Carstarphen v. Milsner*,

18   594 F.Supp.2d 1201 (D. Nev. 2009).  (*Id.*).  This Court also recognized that claim preclusion

19   could bar claims based on later events in some cases including cases "where the plaintiff must

20   allege that 'all of the predicate acts, *taken together*, *constitute a single course of conduct*,'

21   such as in RICO cases" and cited to *Monterey Plaza Hotel Ltd. P'ship v. Local 483 of Hotel*

22   *Emp. & Rest. Emp. Union, AFL-CIO*, 215 F.3d 923 (9th Cir. 2000).  (*Id.*).

23        In finding that claim preclusion barred Plaintiff's due process claims against CEO Silver,

24   UMC, the Board of Trustees, and the Medical Staff, this Court stated:

25        Though Plaintiff alleges claims based on actions that occurred after he filed his
          prior complaint, all the underlying actions occurred before the close of the case
26        before Judge Reed in November of 2009.   Furthermore, almost all the
          underlying events occurred before Plaintiff's last amendment of his complaint.
27        Plaintiff could have supplemented his claims with these new matters.   In
          addition, Plaintiff essentially complains of the process afforded him by
28        Defendants.   This is a case were the wrongful conduct alleged consists of a

                                              2

series of procedural acts.  *See Carstarphen*, 594 F. Supp. 2d  at 1210. Defendants CEO Silver, the Board of Trustees, UMC, and the Medical Staff were defendants in the prior action.  Judge Reed issued a final judgment on the merits in their favor.

(*Id.* at 14).

Plaintiff now files a motion for reconsideration of the Court's order with respect to claim preclusion.  (*See generally* Mot. for Recons. (#77)).

**LEGAL STANDARD**

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision."  *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."  *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

**DISCUSSION**

 Plaintiff seeks reconsideration of this Court's September 28, 2010, order.  (Mot. for Recons. (#77) at 3).  Plaintiff alleges three errors: (1) the Court applied case law based upon Nevada and California common law instead of federal common law; (2) the Court failed to apply the rules set forth in *Carstarphen v. Milsner*, 594 F.Supp.2d 1201 (D. Nev. 2009); and (3) the Court erred by adopting rules from federal racketeering and California case law and applying them to 42 U.S.C. § 1983 claims in Nevada.  (*Id.*).  First, Plaintiff argues that the Court should have applied the claim preclusion analysis from *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955) instead of *Carstarphen* (applying Nevada law) and *Monterey Plaza Hotel Ltd. P'ship v. Local 483 of Hotel Emp. & Rest. Emp. Union, AFL-CIO*, 215 F.3d 923 (9th Cir. 2000) (applying California law).  (*Id.* at 5).  Second, Plaintiff argues that the Court misapplied the majority rule in *Carstarphen* because the Court

3

1    ignored the timing of the acts relative to the complaint.  (*Id.* at 8).  Plaintiff asserts that the

2    majority rule in *Carstarphen* focuses on the date of the last pleading, January 2009, and not

3    the California standard of re-pleading before judgment, November 2009.  (*Id.* at 8-9).  Third,

4    Plaintiff contends that this Court erred in applying the *Monterey Plaza* exception that held that,

5    in racketeering cases, all of the predicate acts taken together constitute a single course of

6    conduct.  (*Id.* at 9).  In contrast, Plaintiff argues that in a § 1983 claim alleging due process

7    violations, violations of an individual's due process rights are not a continuing tort.  (*Id.*).  If the

8    Court grants his motion for reconsideration, Plaintiff also seeks reconsideration of the Court's

9    ruling regarding his state law claims.  (*Id.* at 10).

10           In response, Defendants argue that Plaintiff only challenges this Court's interpretation

11   of applicable law and, therefore, has not alleged a proper basis for a motion for

12   reconsideration.  (Defs.' Opp'n to Mot. for Recons. (#80) at 12).  Defendants argue that

13   *Carstarphen* and *Monterey Plaza* were both federal court decisions and that their reliance on

14   state law does not preclude this Court from relying on them.  (*Id.*).  Defendants assert that,

15   even if the Court had applied the holding from *Lawlor*, claim preclusion would still apply.  (*Id.*

16   at 12-13).  Defendants contend that this Court did not apply the *Carstarphen* holding but

17   instead relied on the exceptions enumerated in that case.  (*Id.* at 13).  Defendants assert that,

18   although this Court cited *Monterey Plaza* to illustrate an exception, the Court did not apply

19   *Monterey Plaza* to the facts of this case.  (*Id.* at 14).

20           In response, Curry argues that, although this Court cited to *Carstarphen* and *Monterey*

21   *Plaza*, the Court did not focus on those cases in reaching its conclusion.  (Curry Opp'n to Mot.

22   for Recons. (#81) at 4).  Curry argues that the Court did apply and cited to federal preclusion

23   law where appropriate, including *Lawlor*.  (*Id.*).  Curry asserts that, based on the cases that this

24   Court cited to, state and federal preclusion law do have similarities that this Court relied on.

25   (*Id.*).  Curry contends that the bulk of the events that underlie *Chudacoff II*, specifically the

26   Second Fair Hearing in March 2009, occurred before Judge Reed's April 2009 order.  (*Id.* at

27   5).

28           Plaintiff replies that Defendants rely on the portion of *Lawlor* that the Second Circuit

4

1    held was dicta.  (Reply to Mot. for Recons. (#84) at 4-5).

2           As an initial matter, Plaintiff's motion is unclear as to whether he thinks that the Court

3    clearly erred because it should have applied federal common law for claim preclusion

4    throughout its analysis or whether the Court, when it did apply Nevada law for claim

5    preclusion, applied it incorrectly.  (*See* Mot. for Recons. (#77) at 3-4, 7).  Regardless, under

6    either argument, the Court did not clearly err in its application of the law.

7           In its order, the Court recognized that federal common law governed whether a federal

8    court judgment had a preclusive effect on a subsequent federal-court case.  (*See* Order (#75)

9    at 11).  This Court also recognized that the law was unclear as to whether federal or state

10   preclusion law applied to a federal-court's judgment on state-law claims through its exercise

11   of supplemental jurisdiction.  (*Id.* at 11-12).  This Court found that any differences between

12   federal or Nevada preclusion law was immaterial to the outcome of this case.  (*Id.* at 12).

13          Plaintiff's three arguments fail to demonstrate clear error.  First, with respect to claim

14   preclusion, the Supreme Court has held that while a "[prior] *judgment* precludes recovery on

15   claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did

16   not even then exist and which could not possibly have been sued upon in the previous case."

17   *Lawlor*, 349 U.S. at 328, 75 S.Ct. at 868 (emphasis added).  Even though the Second Circuit

18   may have held that this statement is dicta, the Ninth Circuit has quoted and cited this

19   statement as controlling law.  *See Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir.

20   2000); *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1438 (9th Cir. 1985) (recognizing that

21   California courts follow the Supreme Court's *Lawlor* decision).

22          As demonstrated by the order, this Court did apply *Lawlor*'s federal common law rule

23   about claim preclusion to the case at hand.  To illustrate, this Court cited to *Lawlor* and recited

24   the relevant portions of the opinion regarding prior judgments.  (*See* Order (#75) at 13).

25   Additionally, this Court applied *Lawlor* to the case at hand when the Court found that "all of the

26   underlying actions occurred before the close of the case before Judge Reed in November of

27   2009."  (*See id.* at 14).  Therefore, this Court properly applied federal claim preclusion

28   common law to the case at hand.

Second, the *Carstarphen* Court found that, in Nevada, claim preclusion applies when: "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Carstarphen*, 594 F.Supp.2d at 1208. In determining whether a plaintiff was attempting to re-litigate the same claim, or any part of the same claim, that was or could have been brought in the first case, the court predicted that the Nevada Supreme Court would follow the majority rule. *Id.* at 1210. Pursuant to the majority rule, "claim preclusion extends to claims in existence at the time of the *filing of the original complaint* in the first lawsuit and any additional claims actually asserted by *supplemental pleading*." *Id.* (emphasis added). The court recognized that there were exceptions to the majority rule such that events occurring *after* the filing of the first complaint would be barred by claim preclusion. *Id.* One such exception included, "[c]ontexts where a second claim depends on the allegation that a series of wrongful acts constituted a single scheme, rather than merely later actions of the same type." *Id.* In identifying this exception, the court cited *Monterey Plaza* and noted that it was a federal RICO case. *Id.* at 1211.

As demonstrated by the order, the Court did cite to the majority rule identified in *Carstarphen*. (*See* Order (#75) at 13). The Court applied this rule when it stated that "almost all of the underlying events occurred before Plaintiff's last amendment of his complaint." (*See id.* at 14). Additionally, with respect to the claims that fell outside the last amended complaint, the Court found that those claims fell into an exception because they were more akin to "a series of procedural acts" that constituted a single scheme. (*See id.*). Therefore, the Court properly applied the majority rule.

Third, although the exception identified in *Monterey Plaza* was in the context of a federal racketeering claim, there is nothing in *Carstarphen* that states that the exception for "[c]ontexts where a second claim depends on the allegation that a series of wrongful acts constituted a single scheme, rather than merely later actions of the same type" only applies to federal racketeering claims. *See Carstarphen*, 594 F.Supp.2d at 1210. Moreover, Judge McQuaid has found in another case that a plaintiff's due process allegations were "more akin

to a series of wrongful acts constituting a single scheme." *See Paliotta v. Brooks*, No. 3:09-cv-0194-RCJ-RAM, 2011 WL 769981, at *8 (D. Nev. Feb. 3, 2011). Therefore, the Court did not commit clear error. Accordingly, Plaintiff has failed to demonstrate that the Court committed clear error in its order and the Court denies the motion for reconsideration.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Reconsideration (#77) is DENIED.

DATED: This ___11th___ day of May, 2011.

_____

United States District Judge