**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RICHARD M. CHUDACOFF, M.D.,

    Plaintiff,

    v.

UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA et al.,

    Defendants.

2:09-cv-1679-RCJ-RJJ

**ORDER**

Currently before the Court are a Motion for Consolidation (#95) and a Motion for Reconsideration (#97). The Court heard oral argument on November 8, 2011.

**BACKGROUND**

After Defendants[1] allegedly limited his medical privileges and issued a negative report to a national data bank, Plaintiff Richard Chudacoff sued multiple defendants alleging violations of his due process rights accompanied by several state-law claims. In September 2010, this Court issued an order granting Dr. J. Dylan Curry's Motion to Dismiss (#29), Curry's Renewed Motion to Dismiss (#55), and Defendants' Motion for Summary Judgment (#53). (*See* Order (#75)). In that order, the Court found that, pursuant to the orders in a related case

---

[1] The defendants in this case are the University Medical Center of Southern Nevada ("UMC"), Steve Sisolak, Tom Collins, Larry Brown, Lawrence Weekly, Chris Giunchigliani, Susan Brager, Rory Reid (collectively "Board of Trustees"), Kathleen Silver (UMC CEO), John Ellerton, M.D., Frederick J. Lippman, M.D., Jim Christensen, M.D., Charles Bloom, M.D., Marietta Nelson, M.D., J. Dylan Curry, M.D., Kshama Daphtary, M.D., John Onyema, M.D., Beverly Neyland, M.D., Albert Capanna, M.D., Victor Grigoriev, M.D., Laura Bilodeau, M.D., Michael Casey, M.D., and Steven Becker, M.D (collectively the "Medical Staff"). All defendants except Dr. Curry are collectively referred to as "Defendants."

before Judge Reed,[2] the doctrine of claim preclusion barred Plaintiff's due process claims against CEO Silver, UMC, the Board of Trustees, and the Medical Staff, and the doctrine of issue preclusion barred Plaintiff's due process claims against the Medical Executive Committee and the Doctor Defendants. (*Id.* at 11). This Court dismissed Plaintiff's state-law claims without prejudice. (*Id.*). This Court also denied Plaintiff's motion for reconsideration of that order. (Order (#89) at 7). Plaintiff filed a notice of appeal. (Notice of Appeal (#90)). This case is presently before the Ninth Circuit.

In June 2011, the Ninth Circuit affirmed in part and reversed in part Judge Reed's decision in the related case and remanded for further proceedings. (*See* CM/ECF 2:08-cv-863-ECR-RJJ (#255) at 15). The pending motions now follow.

## DISCUSSION

Plaintiff files a motion to consolidate this Court's case with Judge Reed's case. (Mot. to Consolidate (#95) at 4). In response, Dr. Curry argues that this Court lacks jurisdiction to consider Plaintiff's motion because this case is before the Ninth Circuit. (Opp'n to Mot. to Consolidate (#101) at 3).[3]

Plaintiff files a motion for reconsideration of this Court's September 2010 order in light of the Ninth Circuit remand in Judge Reed's case. (Mot. for Recon. (#97) at 5). Plaintiff seeks an indicative ruling from this Court that it would grant the motion for reconsideration in order to obtain a remand from the Ninth Circuit. (Supp. to Mot. for Recon. (#102-1) at 3). In response, Dr. Curry argues that Plaintiff fails to satisfy the requirements of Fed. R. Civ. P. 62.1. (Opp'n to Mot. for Recon. (#103) at 6). Additionally, Dr. Curry argues that the motion for reconsideration is substantively defective because it seeks reconsideration on the sole basis that the Ninth Circuit reversed Judge Reed's order granting summary judgment and that this Court relied on it. (*Id.*). Defendants also filed an opposition. (Opp'n to Mot. for Recon. (#105)).

---

[2] The case before Judge Reed is *Chudacoff v. Univ. Med. Ctr. et al.*, case no. 2:08-cv-863-ECR-RJJ.

[3] Defendants file a joinder to Dr. Curry's opposition. (Joinder (#104)).

The Ninth Circuit has held that "the filing of a notice of appeal divests the district court of jurisdiction to dispose of [a] motion after an appeal has been taken, without a remand from [the appellate court]." *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984) (internal quotations omitted). Federal Rule of Civil Procedure 62.1 provides that when the district court lacks authority to grant a motion for relief because of a pending appeal, the district court may defer considering the motion, deny the motion, or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(1)-(3). If the district court states that it would grant the motion or that the motion raises a substantial issue, the movant must notify the circuit clerk and, upon remand, the district court "may decide the motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(b), (c).

Here, the Court lacks jurisdiction to consider the motion to consolidate because this case is before the Ninth Circuit. Therefore, the Court dismisses the Motion for Consolidation (#95) for lack of jurisdiction. Additionally, the Court declines to issue an indicative ruling that it would grant the motion for reconsideration upon remand from the Ninth Circuit and will wait for the Ninth Circuit to issue an opinion in this case. As such, the Court denies the Motion for Reconsideration (#97) without prejudice.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion for Consolidation (#95) is DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that the Motion for Reconsideration (#97) is DENIED without prejudice.

DATED: This 7th day of December, 2011.

_____
United States District Judge